MARTINI, Plaintiff-Appellee, v. BALTES, Defendant-Appellant.

Ohio Appeals, Seventh District, Mahoning County.

No. 3941. Decided October 9, 1957.

William Gemma, James Modarelli, Sr., Youngstown, for plaintiff-appellee.

Stephens & Stephens, Youngstown, for defendant-appellant.

## OPINION

By PHILLIPS, J.

A jury in the court of common pleas returned a verdict for the defendant in plaintiff's action against him to recover damages for personal injuries. The trial judge sustained plaintiff's motion for and granted him a new trial on the ground that the verdict of the jury was against the manifest weight of the evidence.

From this action of the trial judge defendant appealed to this court on questions of law contending that the trial judge abused his discretion "in granting plaintiff-appellee's motion for new trial on the grounds that the verdict was against the weight of the evidence, after verdict and judgment had been rendered for defendant-appellant."

Plaintiff alleged in his petition filed in the court of common pleas inter alia as follows:—

"Plaintiff for his cause of action says that at or about 11:00 A. M., on or about the 30th day of November, 1955, he was walking westerly on the northerly sidewalk of Mahoning Avenue towards the intersection of Portland Avenue and Mahoning Avenue, and says that as he walked onto an area upon the sidewalk where the driveway aforementioned exits onto the northerly portion of Mahoning Avenue (situated immediately east of 1720 Mahoning Avenue), defendant without looking negligently and carelessly backed an automobile which he was driving southerly on said driveway out onto said sidewalk at a speed of about fifteen to twenty miles per hour, and causing the rear portion of the automobile in which he was driving to strike the plaintiff's right side and right leg causing said plaintiff to be thrown with great force in a southerly direction on the pavement of Mahoning Avenue where plaintiff's body came to rest in a lying down position."

Plaintiff further alleged that he is crippled for life.

Plaintiff charged defendant with negligence in driving an automobile backward upon a private driveway onto a public highway; in failing to yield the right of way to him; in failing to keep a lookout for plaintiff; in operating his automobile at a speed greater than reasonable and proper so that he could not avoid striking plaintiff; and in failing to keep the vehicle he was operating under control.

Defendant admitted that at the time alleged in plaintiff's petition plaintiff was walking in a westerly direction on Mahoning Avenue and he was backing an automobile out of a driveway located at 1720 Mahoning Avenue, and generally denied each and every fact stated, averment made and allegation set forth in plaintiff's petition.

After quoting evidence and the charge of the court at considerable length defendant argues:—

"Where the trial court, as in this case, after all the evidence had been submitted, expresses itself in terms such as 'it is a question for the jury,' 'if he (plaintiff) is going to recover, he is going to recover,' etc. it is clear that in the court's mind there was a conflict of testimony and that there was testimony which, if believed by the jury, would support the claim of either the plaintiff or the defendant. Where a court has so expressed itself and the jury has returned a verdict and judgment has been entered on the verdict, the granting by the court of a party's motion for a new trial on the basis that the verdict was against the weight of the evidence clearly shows an unreasonable and arbitrary attitude on the part of the court, which defendant-appellant contends is evident from a reading of the record."

The syllabus in **Steiner v. Custer, 137 Oh St 448,** reads:—

"The granting of a motion for a new trial is not such a final order

as may be reviewed on appeal, unless it clearly appears that the court granting such motion abused its discretion in so doing.

"The meaning of the term 'abuse of discretion' in relation to the granting of a motion for a new trial connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court."

Finding no abuse of discretion on the part of the trial judge appellant's appeal must be and is dismissed at his costs on authority of Steiner v. Custer, supra, as no abuse of discretion appears from the record and therefore the granting of the motion for new trial is not a final appealable order.

NICHOLS, PJ, GRIFFITH, J, concur.